Reversed and Rendered and Memorandum
Opinion filed November 9, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00503-CV



Gonzalez
Financial Holdings, Inc., Appellant 

v.

Willie Moore, Thelma
Moore, AND UNITY NATIONAL BANK, Appellees 



On Appeal from
the County Civil Court at Law No. 1

Harris County, Texas

Trial Court
Cause No. 917,152



 

MEMORANDUM  OPINION

This is an appeal from a judgment following a bench
trial in a breach-of-contract case.  The main issue is the lender’s obligations
under a contract between the lender and homeowners whose home was subject to
imminent foreclosure for non-payment of taxes.  Shortly before the scheduled
foreclosure, the lender agreed to pay off the homeowners’ delinquent taxes in
exchange for a tax lien on the homeowners’ property.  The trial court
determined that the lender breached its obligation under this contract to
prevent the foreclosure by waiting to deliver the funds until the morning of
the foreclosure sale.  Concluding that this contract did not impose such an
obligation on the lender, we reverse the trial court’s judgment in favor of the
homeowners and render a take-nothing judgment in favor of the lender.

I.  Factual and Procedural
Background

Appellant/third-party defendant Gonzalez Financial
Holdings, Inc. contacted appeellees/third-party plaintiffs Willie Moore and
Thelma Moore about the delinquent taxes they owed on their home.  Clear Creek
Independent School District (“Clear Creek ISD”), one of the taxing authorities,
had scheduled the Moores’ home for a sheriff’s sale the following month.  Gonzalez
Financial, along with other lenders, offered to contract with the Moores to pay
off the delinquent taxes to stop the foreclosure.  The Moores selected Gonzalez
Financial because it offered a lower interest rate than the other lenders. 
Over the next few days, the Moores provided Gonzalez Financial with the
information and documentation Gonzalez Financial needed to proceed with the
transaction.  

At the September 26, 2006 closing, the Moores signed
a promissory note to Gonzalez Financial for $24,618.06 to be repaid in monthly
installments and bearing a fourteen percent interest rate.  The Moores also
signed a “Deed of Trust-Tax Lien” to secure repayment of the note.  This
instrument provides that Gonzalez Financial agrees “to pay all delinquent taxes
and other amounts owed related to the ad valorem taxes” on the Moores’ home.  No
date by which these taxes are to be paid is included in the contract, nor is
there any language indicating that time is of the essence in performing the
contract.  The Moores also signed a “Notice of Right to Cancel,” which provides
federally mandated notification that the Moores had three days to cancel the
transaction.  The Moores could have waived the right of rescission, but did not
do so.  The parties agree that federal law prevented Gonzalez Financial from
delivering the required funds to the tax collection agencies until after
midnight on Friday, September 29, 2006, the Friday before the foreclosure
scheduled for Tuesday, October 3, 2006.

Gonzalez Financial was instructed to deliver the
funds to Perdue Brandon Fielder & Mott, the law firm representing Clear
Creek ISD.  On Monday, October 2, 2006, Gonzalez Financial sent the funds via
overnight delivery; the funds arrived at Perdue Brandon Fielder & Mott’s
office on Tuesday, October 3, at 7:00 a.m, three hours before the scheduled
foreclosure.  Nonetheless, the foreclosure sale proceeded at 10:00 a.m., and
the Moores’ home was sold.

The Moores asserted claims against Gonzalez Financial
for negligent breach of contract and negligent infliction of emotional
distress.[1] 
Gonzalez Financial responded with a summary-judgment motion, asserting that
these claims do not exist under Texas law.  The trial court granted Gonzalez
Financial’s motion, but gave the Moores seven days in which to re-plead their
claim as a breach of contract.  The Moores filed an amended petition, in which
they alleged that Gonzalez Financial had a contractual obligation to pay the delinquent
taxes on the Moores’ homestead in a timely manner to stop the tax foreclosure
sale.  The Moores alleged that Gonzalez Financial was given specific directions
on how the foreclosure was to be stopped.  The Moores claimed that Gonzalez
Financial breached its contract by waiting “for the day of foreclosure to pay
the delinquent taxes.” 

According to his testimony at trial, Willie Moore
thinks that Gonzalez Financial breached its contract by not timely paying the
taxes so as to prevent the foreclosure sale.  Moore testified that he realized
that the sale was scheduled for October 3, 2006, and that Gonzalez Financial
could not have paid the taxes until Saturday, September 30, 2006, at the
earliest.  But, Moore testified that Gonzalez Financial breached its contract
by not tendering the funds to pay the taxes on Monday, October 2, 2006.

The parties stipulated to attorney’s fees, and the
trial court signed a final judgment in favor of the Moores, awarding them
$16,000 in damages and $5,500 in attorney’s fees and all costs of court.  Gonzalez
Financial filed a motion for new trial, which was overruled.  The trial court also
issued findings of fact and conclusions of law.  

II.  Issues
and Analysis

Gonzalez Financial raises five issues on appeal.  We address
only its second and fifth issues, as these issues are dispositive of this
appeal.

A.        Did
the trial court err in finding that the lender breached the contract?

In its second issue, Gonzalez Financial asserts that
the trial court erred in finding that Gonzalez Financial breached its contract
with the Moores (hereinafter “Contract”) because the evidence establishes that
it tendered full performance of its obligations under the Contract.  We agree.

In construing the language of the parties’ agreement,
our primary concern is to ascertain and give effect to the intentions of the
parties as expressed in their written contract.  Kelley-Coppedge, Inc. v.
Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998).    Terms in a contract
are given their plain, ordinary, and generally accepted meanings unless the
contract itself shows the terms are to be used in a technical or different
sense.  Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).
 When a written contract is worded so that it can be given a certain or
definite legal meaning or interpretation, it is unambiguous, and the court
construes it as a matter of law.  Am. Mfrs. Mut. Ins. Co. v. Schaefer,
124 S.W.3d 154, 157 (Tex. 2003).  Neither side contends that the agreement is
ambiguous, and we conclude it is unambiguous.  The interpretation of an
unambiguous contract is a question of law that we review de novo.  See MCI
Telecomms. Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647, 650–51 (Tex. 1999).

As is relevant to this issue, the trial court made
the following findings of fact:

6.      [Gonzalez
Financial] initially contacted the [Moores] on September 8, 2006, explaining to
them that [Gonzalez Financial] could pay their delinquent taxes and stop their
foreclosure.

7.      [The
Moores] provided all necessary information and documents in the next couple of
days.  [Gonzalez Financial] set the closing date for September 26, 2006.

. . .

10. This
late closing date was questioned by [the Moores], but they were assured by
[Gonzalez Financial] that they could close the loan and pay all fees before the
actual foreclosure.

11. The loan
was closed on September 26, 2006, at [Gonzalez  Financial’s] Houston office . .
.

. . .

16.    Pursuant to 12
C.F.R. 226.15(c), [Gonzalez Financial] was    prohibited by Federal law from
disbursing any funds from the  loan until the expiration of [a] three day right
to rescind [which the trial court found expired at midnight on Friday,
September 29, 2006.].

17.    [Gonzalez
Financial’s] offices are located in San Antonio and [Gonzalez Financial] had to
mail the funds to Perdue Brandon Fielder & Mott, the attorneys representing
Clear Creek [I]ndependent School District.

18.
[Gonzalez Financial] could have sent the funds by overnight express on Saturday
for delivery on Monday, so that the funds would arrive the day before
foreclosure.

19.    [Gonzalez
Financial] waited until Monday before the Tuesday foreclosure to overnight the
funds.

20.    The [Contract] did
not give a specific date that the money was supposed to be tendered to Clear
Creek Independent School District.

21.    Gonzalez
Financial was instructed to send the funds under the contract to Purdue Brandon
Fielder & Mott, the attorneys representing Clear Creek Independent School
District.

22.    Gonzalez
Financial tendered the funds required under the [Contract].

23.    The funds
tendered by Gonzalez Financial arrived at the offices of Perdue Brand [sic] at
approximately 7:00 a.m. on Tuesday October 3, 2006[,] three hours before the
foreclosure sale was to begin.

The trial court made the
following legal conclusions:

1.        
[Gonzalez Financial] breached the [Contract].

2.        
When [Gonzalez Financial] agreed to disburse funds to the taxing
entities, [it] had an obligation to make sure that the foreclosure was
prevented and that all entities received their funds in a timely manner.

3.        
Gonzalez Financial breached its duty by mailing overnight the
funds the day before the foreclosure.

We review a trial court’s conclusions
of law de novo.  See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d
789, 794 (Tex. 2002).  The trial court found that Gonzalez Financial breached an
alleged contractual obligation to make sure that the foreclosure was prevented and
that all entities received their funds in a timely manner.  We conclude that,
under the unambiguous language of the Contract, Gonzalez Financial had no such
contractual obligation.  

Under the Contract, Gonzalez
Financial was required to pay all delinquent taxes; however, the Contract
contains no obligation to “make sure that the foreclosure was prevented.”  The
trial court correctly found that Gonzalez Financial tendered payment of all
delinquent taxes; however, the trial court concluded that this tender was untimely
and could have been made one day earlier.  Under the Contract, Gonzalez
Financial was required to pay the delinquent taxes before the foreclosure sale
took place; however, the parties did not state any time or date by which
Gonzalez Financial was required to tender the funds, nor did the parties agree
that time was of the essence.  Therefore, we conclude that, under the
unambiguous language of the Contract, Gonzalez Financial did not agree to “make
sure that the foreclosure was prevented” or to pay the taxes in a way that
would avoid the foreclosure sale.  Although the funds arrived only three hours
before the foreclosure, the funds were received by the party to whom they were
required to be delivered three hours before the scheduled sale.  We conclude that,
as a matter of law, Gonzalez Financial did not breach the Contract, and we sustain
Gonzalez Financial’s second issue.  

Having concluded that Gonzalez
Financial did not breach the Contract, we need not consider the other issues
related to the Contract.  We thus turn to Gonzalez Financial’s claim that it is
entitled to attorney’s fees because it filed a counterclaim under the Texas Declaratory
Judgments Act.  See Tex.
Civ. Prac. & Rem. Code Ann. § 37.001, et seq. (West 2008).

B.        Does
the lender’s counterclaim for a declaratory judgment require the trial court to
award it attorney’s fees?

Under its fifth issue, Gonzalez Financial argues that
its counterclaim for a declaratory judgment mandated an award of attorney’s
fees.  Gonzalez Financial states in its appellate brief that it “is not seeking
damages under the contract.  Gonzalez Financial is seeking a declaration that
it fully performed under the contract, and that no breach of the contract
between Gonzalez Financial and the Moores occurred.”  Gonzalez Financial
asserts that the trial court erred by failing to grant declaratory relief in
its favor and award Gonzalez Financial its attorney’s fees under the Declaratory
Judgments Act.  But, as discussed above, the Moores sued Gonzalez Financial for
breach of contract.  Thus, Gonzalez Financial’s counterclaim for declaratory
relief sought a declaration that Gonzalez Financial did not breach the
Contract, as alleged in the Moores’ claims against Gonzalez Financial.  No
applicable statute allows Gonzalez Financial to recover its attorney’s fees for
successfully defending against the Moores’ contract claims, and in this
circumstance, the Declaratory Judgments Act cannot be used as a basis for
Gonzalez Financial to recover attorney’s fees.  See MBM Fin. Corp. v. The
Woodlands Operating Co., 292 S.W.3d 660, 667–71 (Tex. 2009).  Thus, Gonzalez
Financial is not entitled to attorney’s fees under the Declaratory Judgment
Act.  Accordingly, we overrule Gonzalez Financial’s fifth issue. 

III.  Conclusion

The evidence establishes as a matter of law that Gonzalez
Financial did not breach its contract with the Moores.  But Gonzalez Financial is
not entitled to attorney’s fees under the Declaratory Judgment Act.   Having reached
all the issues necessary to the disposition of this appeal, we reverse the
trial court’s judgment in favor of the Moores, and we render a take-nothing
judgment against the Moores.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Frost, and Seymore.

 









[1] This suit began in the trial
court when appellee/plaintiff Unity National Bank sued the Moores.  The Moores
counterclaimed against Unity and filed third-party claims against Gonzalez
Financial.  The trial court granted Unity’s motion for summary judgment in an
order that was not a final judgment because the trial court failed to (1) actually dispose of all claims and parties before the court
or (2) state with unmistakable clarity that the judgment was a final judgment. 
See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192, 200 (Tex. 2001). 
There is no indication in our record that the partial summary judgment in favor
of Unity was ever severed.  The trial court proceeded to conduct a bench trial
in this case and rendered a judgment on March 2, 2009.  In this judgment
following a trial on the merits, the trial court granted judgment in the
Moores’ favor on their third-party claims and stated that all relief not expressly
granted in the judgment was denied.  Therefore, this judgment was a final
judgment, and this court has appellate jurisdiction over Gonzalez Financial’s
appeal.  See id. at 204; Memphis, Inc. v. Coggswell, No.
05-02-01876-CV, 2005 WL 1774973, at *2 (Tex. App.—Dallas July 28, 2005, pet.
denied) (mem. op.).